**SO ORDERED.**

**SIGNED this 19 day of June, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**IN RE:**

**DENISE S. HARGROVE,**

      **DEBTOR.**                                 **CASE NO. 05-04037-5-JRL
CHAPTER 7**

_____

**ORDER**

This case is before the court on the trustee's objection to the claim of Reliance Standard Insurance Company ("Reliance") and Reliance's motion for acknowledgment and allowance of informal claim. On June 18, 2008, the court held a hearing on these matters in Raleigh, North Carolina.

Reliance, along with two other creditors of Denise S. Hargrove ("debtor"), filed an involuntary petition initiating this bankruptcy case on September 20, 2005. The involuntary petition identifies Reliance as a creditor in the amount of $457,000.00 based on disability funds the debtor fraudulently obtained. Reliance's claim was also based on a state court order that, in addition to ordering the debtor's incarceration, required the debtor to pay restitution to Reliance in the amount of $500,000.00.

The bar date for filing proofs of claim was August 28, 2006. Prior to the bar date, counsel

for Reliance filed a proof of claim on behalf of another client in this case, Mutual of Omaha Insurance Company. Reliance's counsel also intended to file a proof of claim on behalf of Reliance but mistakenly filed a second proof of claim on behalf of Mutual of Omaha. The claim identified the debt owed to Reliance, but misidentified the claimant as Mutual of Omaha. In addition, the claim also attached the state court restitution order in favor of Reliance. The trustee brought this error to the attention of Reliance's counsel, and a formal proof of claim was filed on behalf of Reliance on October 5, 2006 – thirty-eight days after the bar date. The trustee objected to this claim on the basis that it was untimely filed and that Reliance was guaranteed payment by the state court's restitution order and this court's denial of the debtor's discharge. Reliance's motion contends that the second proof of claim mistakenly filed on behalf of Mutual of Omaha qualifies as an informal proof of claim and that the October 5, 2006 formal proof of claim is merely an amendment that relates back to the timely-filed informal proof of claim.

The Fourth Circuit recognizes the principle of informal proofs of claim. See In re Davis, 936 F.2d 771, 775 (4th Cir. 1991). "An 'informal claim' exists when 'sufficient notice of the claim has been given in the course of the bankruptcy proceeding' . . . . A party provides sufficient notice of the claim by undertaking 'some affirmative action to constitute sufficient notice that he has a claim against the estate.'" In re Graves, No. 00-10622, 2001 WL 1699649, a *3 (Bankr. W.D.N.C. Feb. 15, 2001). If a creditor makes an informal claim prior to the bar date, the creditor is permitted to file a formal proof of claim after the bar date, and the formal proof of claim will be treated as an amendment of the timely-filed informal claim. Id.

Although courts have considered a variety of affirmative acts as sufficient notice to permit an informal claim, including acts present in this case, see, e.g., In re Hayes, 327 B.R. 453 (Bankr.

C.D. Cal. 2005) (filing of a nondischargeability complaint), the court need look no further than to Reliance's filing of the involuntary petition giving rise to this case as a sufficient act to give notice of its claim against the debtor's estate. As stated in In Re Wilbert Winks Farm, Inc., 114 B.R. 95, 97 (Bankr. E.D. Pa. 1990), "[c]learly, the involuntary petition, the document which brought the case here in the first place, was the archetype of a pleading filed with the bankruptcy court which showed intent to hold the estate liable and that it was making a demand against the estate sufficient to qualify it as an informal proof of claim." Thus, the court finds that Reliance's filing of the involuntary petition in this case constitutes an informal proof of claim and that the October 5, 2006 formal proof of claim amends the timely-filed informal proof of claim. Accordingly, the trustee's objection to Reliance's claim is overruled.

"**END OF DOCUMENT**"